The Honorable Dave Bisbee State Representative 14068 Pyramid Drive Rogers, AR 72758-0116
Dear Representative Bisbee:
This is in response to your request for an opinion on "whether the local board of a community college can lease land owned by the college to a developer/contractor, who wants to build a facility on the property. The college would then lease space in the facility from the developer/contractor for a period of time, after which the college would own the facility."
The general nature of this question precludes a conclusive opinion. I have not been provided with any other facts or any actual documents relative to this proposed transaction. While I am thus unable to opine definitively as to the legality of any particular agreement(s), I can point to several potentially applicable requirements or areas of concern.
The authority of the Arkansas State Building Services ("SBS") with respect to leasing for and by colleges and universities (which are included in the definition of "state agencies" under § 22-2-102(5)) must, in my opinion, be considered.[1] See generally A.C.A. §§22-2-107(a)(4) ("Leasing Section" of SBS), 22-2-108(11) (minimum standards and criteria for leasing of space for and by state agencies), and 22-2-114 (leasing responsibilities).
The community college board should also be aware of the potential tax consequences of leasing its real property. Public property that is not devoted to an exclusive public use is generally not entitled to exemption from taxation under the provisions of our constitution. See Ark. Const. art. 16, § 5. See also generally Op. Att'y Gen. Nos. 97-315 and 97-221.
And finally, because I have no information concerning the source of funding for this proposed lease agreement, I cannot assess the applicability of any state debt limitations. Amendments 20 and 65 to the Arkansas Constitution should perhaps be noted in this regard.
The local community college board should, therefore, in light of the above, consult with counsel to whom it ordinarily looks for advice in order to determine the legality of the particular agreement in question.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Although an issue might arise in this regard, I assume that the particular construction in question is not "undertaken, owned, operated, or otherwise managed" by the community college so as to fall within the definition of "capital improvement" under A.C.A. § 22-2-102(1). Otherwise, SBS's authority under the State Building Services Act (A.C.A. § 22-2-101 et seq.) with respect to "capital improvements" must be considered.